# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LUIS ALMONTE PEREZ** | : | **CIVIL ACTION** |
| | : | |
| v. | : | NO.  26-977 |
| | : | |
| **WARDEN OF FEDERAL DETENTION** | : | |
| **CENTER PHILADELPHIA**, *et al.* | : | |

# ORDER

**AND NOW**, this 23rd day of February 2026, upon consideration of Luis Almonte Perez's petition for writ of *habeas corpus* (DI 1), and the government's response in opposition thereto (DI 3), it is hereby **ORDERED** that:

1. The government shall provide supplemental briefing and contextual evidence where available on the following topics no later than **Friday, February 27, 2026**:[1]

    a. Where did U.S. Border Patrol encounter Mr. Perez on December 29, 2022?

    b. What was the statutory basis for Mr. Perez's release from custody on or around December 29, 2022? What reasons were provided for his release?

    c. If Mr. Perez was granted humanitarian parole or another form of conditional release, was this parole or release renewed and/or extended at any time? Was this parole or release terminated or revoked at any time, and if so, what was the reason for doing so and how was this communicated to Mr. Perez?

    d. What was the basis for detaining Mr. Perez, and what warrants —

---

[1] If the government's position is that the question is irrelevant, the government should both provide the answer and brief why it is irrelevant. If an answer is not available, then the government should explain why it is not available.

        administrative or judicial — did the government possess regarding Mr. Perez's detention at the time of his detention? Please file with this court any such warrants.

e. Please explain the process ICE undertook in detaining Mr. Perez in February 2026.

f. With reference to specific examples and dates, please explain whether the Department of Homeland Security (DHS) has, prior to 2025, invoked Section 1225 of the INA as the authority for detaining individuals previously released on humanitarian parole or other conditional release. If Section 1225 of the INA historically has not been invoked for the detention of such individuals, please explain the statutory bases upon which DHS has detained such individuals.

g. Has Mr. Perez filed any applications for immigration relief, and if so, what is the status of those applications and what procedures have been undertaken to adjudicate such applications? For example, has there been a determination regarding Mr. Perez's eligibility for asylum? If so, (1) who made that determination; (2) what reasons were provided for this determination; and (3) how was this determination communicated to Mr. Perez?

h. What is the present status of Mr. Perez's removal proceedings?

2. Mr. Perez shall file a reply to the government's response in opposition by **Friday, February 27, 2026**. In this reply, please include a declaration explaining from Mr. Perez's

2

perspective what occurred when he entered the United States and encountered U.S. Border Patrol, as well as the circumstances of his detention. For example, we would like to know: (1) when Mr. Perez entered the United States; (2) where Mr. Perez was physically located when he encountered U.S. Border Patrol personnel on December 29, 2022; (3) what U.S. Border Patrol, or any other government representative, communicated to Mr. Perez during this encounter, particularly with respect to the grounds upon which they released Mr. Perez; (4) what proceedings Mr. Perez pursued, and/or is currently pursuing, related to immigration relief, and the status of those proceedings; (5) what occurred when ICE detained Mr. Perez, including where Mr. Perez was detained and what was communicated to Mr. Perez by the government; and (6) if Mr. Perez was released on humanitarian parole or another form of conditional release prior to his detention, and if this parole or release was terminated or revoked, what communications occurred between the government and Mr. Perez regarding the reason for (a) granting such parole or conditional release, and (b) terminating or revoking such parole or conditional release.

MURPHY, J.