IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LUIS ALMONTE PEREZ** | : | **CIVIL ACTION** |
| | : | |
| v. | : | NO.  26-977 |
| | : | |
| **WARDEN OF FEDERAL DETENTION** | : | |
| **CENTER PHILADELPHIA**, *et al.* | : | |

# ORDER

**AND NOW**, this 9th day of March 2026, upon consideration of Luis Almonte Perez's petition for writ of *habeas corpus* (DI 1), the government's response in opposition thereto (DI 3), and the government's supplemental briefing (DI 5), it is hereby **ORDERED** that Mr. Perez's petition is **GRANTED** for the following reasons:

1. Mr. Perez is a citizen of the Dominican Republic who entered the United States at the Eagle Pass, Texas Port of Entry on December 29, 2022.  DI 1 at 2; DI 5 at 1.

2. Shortly thereafter, Mr. Perez was detained by the U.S. Border Patrol, after which he was paroled into the United States pursuant to 8 U.S.C. § 1182(d)(5) — known as section 212(d)(5) of the INA, or the humanitarian parole provision.  DI 1 at 2; DI 5 at 1-2.

3. Mr. Perez's parole expired on February 28, 2023.  DI 5 at 2-3.  He was not notified of this termination because U.S. Border Patrol failed to properly upload a Notice to Appear (NTA) in the appropriate Electronic Court Administration System (ECAS) to commence his immigration proceedings.  *Id.* at 2.

4. Mr. Perez has continued to live in the United States since his entry on December 29, 2022.

5. While living in the United States, Mr. Perez has completed and filed I-485 and I-130 applications, pursuant to his marriage to a U.S. Citizen.  DI 1 at ¶ 27.

6. On February 13, 2026, while reporting for his scheduled appointment with Immigration and Customs Enforcement (ICE), ICE Enforcement and Removal Operations (ERO) detained him and charged him under INA sections 212(a)(6)(A)(i) and 212(a)(7)(A)(i)(I). DI 1 at 2; DI 5 at 4.

7. The government purported to detain Mr. Perez pursuant to 8 U.S.C. § 1225(b)(2)(a), the INA's mandatory detention provision, and has not asserted any other statutory basis for detaining Mr. Perez. DI 3 at 6.

8. To date, Mr. Perez has not received a bond hearing.

9. Pursuant to our reasoning set forth in our recent memorandum in *Gagiev v. Rose*, 26-cv-169 (Mar. 9, 2026) (ECF 19), we conclude that Mr. Perez — who was paroled into the United States, has lived and developed connections here for more than three years prior to his detention, and during this time has married a U.S. Citizen — is not subject to detention under 8 U.S.C. § 1225.

10. Rather, the sole basis for detaining Mr. Perez is 8 U.S.C. § 1226(a), with respect to which the government has neither (1) asserted as a basis for Mr. Perez's detention; nor (2) satisfied the requirements thereof.

11. Accordingly, the government shall **RELEASE** Mr. Perez from custody immediately and certify compliance with this order by filing on the docket no later than **5:00 p.m. ET** on Wednesday, **March 11, 2026**;

12. The government is temporarily enjoined from re-detaining Mr. Perez for seven days following his release from custody;

13. If the government chooses to pursue re-detention of Mr. Perez after that seven-

day period, it must first provide him with a bond hearing, at which a neutral immigration judge shall determine whether detention is warranted pending the resolution of his removal proceedings; and

14. Pending the ordered bond hearing, the government cannot remove, transfer, or otherwise facilitate the removal of Mr. Perez from the Eastern District of Pennsylvania before the ordered bond hearing. If an immigration judge determines that Mr. Perez is subject to detention under 8 U.S.C. § 1226(a), the government may request permission from the court to move Mr. Perez if unforeseen or emergency circumstances arise that require him to be removed from the District. Any such request must include an explanation for the request as well as a proposed destination. We will then determine whether to grant the request and permit transfer of Mr. Perez.

_____
MURPHY, J.